Filed 9/3/15  P. v. Aguilera CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAURENCIO AGUILERA,<br><br>    Defendant and Appellant. | B256163<br><br>(Los Angeles County<br>Super. Ct. No. VA132656) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Patrick T. Meyers, Judge.  Affirmed.

G. Martin Velez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

On March 25, 2014, a jury convicted defendant Laurencio Aguilera of possessing a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) On April 22, 2014, in a bifurcated proceeding, the trial court found two strike priors pursuant to Penal Code section 667, subdivision (d)[1] and Section 1170.12, subdivision (b) to be true. The trial court sentenced the defendant to four years in state prison by imposing the middle term of two years doubled by a strike prior.

Aguilera contends the judgment should be reversed because the prosecutor committed misconduct during her opening statement. We affirm.

**FACTS**

On November 12, 2013, Deputy Carlos Lopez of the Los Angeles County Sheriff's Department conducted a routine vehicle traffic stop for failing to signal when turning. The vehicle pulled over in a commercial district near a medical building. Deputy Lopez was joined by Deputy Robledo who came to the scene in a separate patrol vehicle. Both deputies got out to investigate. Deputy Lopez approached on the driver's side while Deputy Robledo approached from the passenger side. At that point, Deputy Lopez observed Aguilera standing adjacent to the stopped vehicle about 25 feet away. Aguilera looked in Deputy Lopez's direction, appeared nervous, and started to walk away. As he did so, Aguilera tossed an object onto the sidewalk. Deputy Lopez described the object as a bindle. Deputy Lopez recovered the bindle. He found within a plastic baggie containing a crystal-like substance. The substance was 0.07 grams of crystalline solid containing methamphetamine.

---

[1]   All undesignated statutory references are to the Penal Code unless otherwise noted.

**DISCUSSION**

## I.    Claim of Prosecutorial Misconduct

The prosecutor gave a short opening statement. She informed the jury as follows:

> "This is going to be a straightforward case. It's going to be short. It's going to be brief and to the point. The evidence in this case will show that this defendant knowingly possessed a usable amount of methamphetamine."

After reciting the witnesses she intended to call and their expected testimony, the prosecutor concluded:

> "So why are we here? That's simple, too. ***He doesn't want to take responsibility for his actions.*** However, at the end of the trial, at the close of evidence, I'm going to be asking you all to follow the law and deliver the only verdict that makes sense in this case. Guilty. Thank you." (bold and italics added.)

Defense counsel lodged an objection to the highlighted comment. At side bar, defense counsel claimed the prosecutor's comment "cut[] against the grain of the People's burden of proof, [his] client's presumption of innocence and his [client's] right to a trial." Defense counsel also claimed Aguilera was "under no obligation to enter any kind of plea negotiation or agreement prior to that trial." Arguing the comment was prosecutorial misconduct, defense counsel asked for a mistrial.

The trial court found the prosecutor's comment to be argumentative but denied the mistrial motion. The trial court gave a curative admonition to the jury as follows:

> "We've had a sidebar conference outside the presence of the jury. All right. The close the People's opening statement the question -- rhetorical question was asked, 'So why are we here?' it was characterized as simple, and then there was some remarks about the defendant taking

3

responsibility for his actions. All of that was argument. It was not part of the opening statement. The jury is admonished to disregard it in its entirety. And, furthermore, the court is striking it from the record in this case except to the extent necessary to retain it for whatever purposes that may serve. You're to disregard it entirely."

Aguilera contends the prosecutor's comment is misconduct for the following reasons: (1) it referenced inadmissible evidence that Aguilera was unwilling to plead guilty, (2) it vouched for the prosecution's case, and (3) it shifted the burden of proof and improperly commented on Aguilera's right to remain silent. We analyze each claim in turn.

## II.    Relevant Law

Claims of prosecutorial misconduct are reviewed under both federal and state standards. (*People v. Fernandez* (2013) 216 Cal.App.4th 540, 564.) Conduct by a prosecutor, including making of improper remarks, can so infect the trial with unfairness as to deprive the defendant due process of law under the federal Constitution. (*People v. Farnam* (2002) 28 Cal.4th 107, 167.) Prosecutorial conduct which does not render the trial fundamentally unfair is misconduct under state law if it "involves ' "the use of deceptive or reprehensible methods [in an] attempt to persuade either the court or the jury." ' " (*People v. Espinoza* (1992) 3 Cal.4th 806, 820.)

Prosecutorial misconduct claims based on the prosecutor's statements to the jury is viewed from a reasonable juror's perspective in the context of the entire statement. (*People v. Woods* (2006) 146 Cal.App.4th 106, 111 (*Woods*).) Misconduct by the prosecutor does not depend on a showing of bad faith. Instead, the focus is on the injury to the defendant. (*People v. Bolton* (1979) 23 Cal.3d 208, 213-214.)

### A.    Claim of Inadmissible Evidence Regarding Plea Bargaining

Aguilera contends the "prosecutor improperly used the opening statement as a means of bringing patently inadmissible evidence to the jury, i.e., that [Aguilera] was not willing to accept a plea bargain to the charged offense."

4

Aguilera cites Evidence Code section 1153,[2] and section 1192.4[3] as support for his position that evidence of plea negotiation is inadmissible at trial. The purpose behind these statutes making inadmissible a defendant's offer to plead guilty is to promote the public interest by encouraging the settlement of criminal cases without the necessity of a trial. (*People v. Leonard* (2007) 40 Cal.4th 1370, 1404.)

The central concept here is this: a prosecutor cannot use in trial a statement made by the defendant during plea negotiations. Nothing of the sort occurred here. The comment at issue does not directly or indirectly infer Aguilera admitted a willingness to plead guilty. On the contrary, the statement infers the opposite - that Aguilera wants his day in court. It is true, the comment can be seen as the prosecutor's opinion that Aguilera is guilty, however, viewed from a reasonable juror perspective, it is a stretch to say the comment violated Evidence Code section 1153 or Section 1192.4.

If Aguilera is arguing the prosecutor's comment generally referenced his desire not to plead guilty, it is difficult to see how this injured him. The negative connotation is not that Aguilera did not engage in plea negotiations. Rather, it is in the opinion of the prosecutor that Aguilera is unwilling to take responsibility when he is guilty.

### B. Claim Prosecutor Vouched for Strength of Prosecution's Evidence and for Aguilera's Guilt

A prosecutor may not express a personal opinion or belief in the guilt of the accused when there is substantial danger that the jury will view the comment as based on

---

[2] Evidence Code section 1153 states, "Evidence of a plea of guilty, later withdrawn, or of an offer to plead guilty to the crime charged or to any other crime, made by the defendant in a criminal action is inadmissible in any action or in any proceeding of any nature, including proceedings before agencies, commissions, boards, and tribunals."

[3] Section 1192.4 states, "If the defendant's plea of guilty pursuant to section 1192.1 or 1192.2 is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter such plea or pleas as would otherwise have been available. The plea so withdrawn may not be received in evidence in any criminal, civil, or special action or proceeding of any nature, including proceedings before agencies, commissions, boards, and tribunals."

information other than evidence adduced at trial. (*People v. Lopez* (2008) 42 Cal.4th 960, 971.) The danger to be avoided is the impression the prosecutor's opinion is based on outside sources not introduced in the trial as evidence. On the other hand, not all such comments are improper. The comment is to be evaluated in the context in which it was made to determine whether there was a substantial risk that the jury would consider the remarks to be based on outside sources. (*Id.* at p. 971.)

Aguilera contends the "prosecutor personally vouched for the strength of the prosecution's evidence and for [Aguilera's] guilt." But, the prosecutor's comments did not pose any risk, let alone a substantial one, that the jury would consider the comment to be based on outside sources. On the contrary, the prosecutor explained the case was brief and to the point. She indicated Aguilera knowingly possessed methamphetamine. The prosecutor then briefly discussed the expected testimony of witnesses. Nothing in what the prosecutor stated could be viewed as based on outside sources beyond the evidence presented in the trial.

It is settled that "[a] prosecutor is prohibited from vouching for the credibility of witnesses or otherwise bolstering the veracity of their testimony by referring to evidence outside the record. [Citations.] Nor is a prosecutor permitted to place the prestige of [his or her] office behind a witness by offering the impression that [he or she] has taken steps to assure a witness's truthfulness at trial. [Citation.] However, so long as a prosecutor's assurances regarding the apparent honesty or reliability of prosecution witnesses are based on the 'facts of [the] record and the inferences reasonably drawn therefrom, rather than any purported personal knowledge or belief,' her comments cannot be characterized as improper vouching. [Citations.]" (*People v. Frye* (1998) 18 Cal.4th 894, 971.)

While it is true a prosecutor may not generally vouch for the credibility of witnesses based on evidence outside of the trial or upon the prestige of the prosecutor's office, the brief comment by the prosecutor, from the perspective of the reasonable juror, cannot possibly be interpreted as vouching for any of the prosecution's witnesses. The focus of the comment is not on any witness but rather on Aguilera's unwillingness to take responsibility.

**C. Claim the Prosecutor Shifted the Burden of Proof and Improperly Commented on Aguilera's Right to Remain Silent**

Aguilera contends "the prosecutor's statement improperly shifted the burden of proof to [Aguilera], placing the onus on [Aguilera] to prove his innocence, either through his own testimony or other evidence."

Aguilera cites *Woods, supra,* 146 Cal.App.4th 106, as support for his contention. However, *Woods* is clearly distinguishable. There, the prosecutor in closing argument stressed the defendant had an "'obligation'" to present evidence. (*Id.* at p. 113.) The *Woods* court wrote, "It is inconceivable that the jury would understand . . . [the] statement to mean anything other than that appellant carried a burden of proof or production." (*Id.* at p. 114.) Here, the prosecutor's comment did not directly or inferentially imply that the defendant had an obligation to present evidence.

Aguilera also argues *Griffin* error. (*Griffin v. California* (1965) 380 U.S. 609 (*Griffin*).) *Griffin* forbids argument that focuses the jury's attention directly on an accused's failure to testify and urges the jury to view that failure as evidence of guilt. (*Id.* at pp. 609-615.) Griffin errors are usually raised at closing argument when the evidentiary portion of the trial has closed, not at opening statement before the introduction of any evidence. The prosecutor did not violate *Griffin*. Rather, as stated before, the prosecutor provided her opinion of guilt based on the evidence she intended to present.

**D. Prejudice and the Trial Court's Curative Admonition**

Aguilera contends the trial court's curative admonition was ineffective for three reasons. First, it highlighted the prosecutor's statement. Second, the admonition was not directed at the prosecutor in front of the jury. Lastly, the trial court augmented the admonishment[4] likely causing the jurors to misuse the comment.

---

[4] At the end of the admonition, the trial court stated, "And, furthermore, the court is striking it from the record in this case except to the extent necessary to retain for whatever purposes it may serve. You're to disregard it entirely."

We agree with the trial court that the comment was objectionable not because it was misconduct but because it was argumentative. As the respondent noted in her brief, "The function of an opening statement is not only to inform the jury of the expected evidence, but also to prepare the jurors to follow the evidence and more readily discern its materiality, force, and meaning. [Citation.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 518.) Statements in the form of an argument are appropriate only at the stage of closing arguments when all of the evidence has been adduced. As such, the trial court ruled correctly in sustaining the objection and admonishing the jury to disregard the argumentative statement.

As for Aguilera's contentions, first, it is difficult, if not impossible to admonish a jury without informing the jury on the focus of the admonition. The manner in which the trial court admonished the jury did not draw undue attention on the comment. Second, the purpose of the admonition was to cure prejudice, if any, to the defendant, not to punish the prosecutor. Lastly, the excerpt Aguilera highlights was not meant for the jury. The trial court's charge to the jury was clear - to disregard the comment entirely.

Jurors are presumed to follow a court's admonitions and instructions. (*Romano v. Oklahoma* (1994) 512 U.S. 1, 13.) In the instant case, no contrary evidence exists that jurors did not follow the trial court's admonition.

Aguilera asserts he was prejudiced under both the federal and state standards. (See *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*) [Federal Constitutional error reversible unless harmless beyond a reasonable doubt]; *People v. Watson* (1956) 46 Cal.2d 818, 836 [error in the application of state law are reversible if it is reasonably probable the result would have been different absent the error].)

Assuming the prosecutor committed misconduct, Aguilera was not prejudiced under either standard. First, the brief comment made by the prosecutor did not render the trial so fundamentally unfair as to trigger the *Chapman* standard. Second, the comment was not so flagrant and damaging as to cause jurors to wholly abandon their independent duty. This was not a case evoking high emotions. Nothing in the record suggests the jurors abandoned their duty to independently weigh and assess the evidence and the

8

credibility of witnesses.  Beyond admonishing the jury to disregard the comment, the trial court properly instructed the jury that statements of counsel are not evidence.  Under these circumstances, Aguilera cannot show absent the error it is reasonably probable he would have received a more favorable result.

**DISPOSITION**

The judgment is affirmed.


OHTA, J.[*]

We concur:



FLIER, Acting P.J.



GRIMES, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.